UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WATCHGUARD TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>IVALUE INFOSOLUTIONS PVT. LTD.,<br><br>Defendant. | CASE NO. C15-1697-BAT<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' MOTIONS TO FILE UNDER SEAL** |

## INTRODUCTION AND BACKGROUND

Defendant iValue Infosolutions Pvt. Ltd. ("defendant") and plaintiff WatchGuard Technologies, Inc. ("plaintiff") have filed motions to seal all materials filed in connection with defendant's Motion to Enforce Settlement Agreement. Dkts. 26, 31, 34, 39, and 47. On June 30, 2017, after a telephonic status conference, the Court ordered the parties to resubmit their substantive motions in compliance with Local Civil Rule 5(g), which discourages the filing of a motion, opposition, or reply under seal and requires a party to redact confidential information and publicly file the redacted document in conjunction with unredacted, sealed copies of the same. *See* W. D. Wash. LCR 5(g)(5). The parties filed redacted versions of their substantive

ORDER GRANTING IN PART AND
DENYING IN PART THE PARTIES'
MOTIONS TO FILE UNDER SEAL - 1

motions and documents in support on July 14, 2017.[1]

Having considered the parties' motions to seal and the materials filed in support of those motions, the motions are **GRANTED in part and DENIED in part**, as described more fully below.

**DISCUSSION**

The parties agree that portions of defendant's Motion to Enforce Settlement Agreement and a number of documents in support of and in opposition to the motion should be filed under seal. Even so, "[t]he Court will not seal documents simply because the parties stipulate or do not oppose the sealing of certain documents." *See, e.g., Point Ruston, LLC v. Pac. Nw. Reg'l Council of the United Bhd. of Carpenters & Joiners of Am.*, No. 09–5232 BHS, 2010 WL 2541801, at * 1 (W.D.Wash. June 21, 2010); *see also* W.D. Wash. Local Rule CR 5(g)(3). This is because the Court recognizes a "general right to inspect and copy public records and documents, including judicial records and documents," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, n.7 (1978), and "[t]here is a strong presumption of public access to the court's files," LCR 5(g); *see also Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Where the moving party seeks to seal a dispositive motion and any attached documents, the presumption in favor of disclosure may be overcome if the moving party presents a "compelling reason" to seal. *Kamakana*, 447 F.3d at 1179. On the other hand, there is a weaker public interest in non-dispositive materials; accordingly, where the moving party seeks to seal documents filed in connection with a non-dispositive motion, the moving party need only show "good cause." *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

---

[1] Defendant's submissions failed to comply with the local rule because the redacted submissions were filed under seal. *See* Dkts. 42-46. This defect is addressed herein.

ORDER GRANTING IN PART AND
DENYING IN PART THE PARTIES'
MOTIONS TO FILE UNDER SEAL - 2

The "compelling reasons" standard applies to the motion to enforce settlement agreement because granting that motion would have "serve[d] as a substitute for trial" and disposed of this proceeding. *See Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016), cert. denied sub nom. *FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (rejecting argument that compelling reasons standard applies only to motions that are "literally dispositive," and finding it also applies to motions that go "to the heart of the case," or that are "more than tangentially related to the underlying cause of action"); *M.F. v. United States*, No. C13-1790JLR, 2015 WL 630946, at *2 (W.D. Wash. Feb. 12, 2015) (holding the "compelling reasons" standard applied to a motion to approve a minor settlement agreement because it was dispositive of the proceeding); *Tarutis v. Spectrum Brands, Inc.,* No. C13-761 JLR, 2014 WL 5808749, at *2 (W.D. Wash. Nov. 7, 2014) (parties agreed the "compelling reasons" standard applied to a motion to approve minor settlement and related court filings); *M.P. ex rel. Provins v. Lowe's Companies, Inc*., No. 11–cv–01985, 2012 WL 1574801, at *1 (E.D. Cal. May 3, 2012) (holding that the "compelling reasons" standard applies to a motion to seal related to a minor's settlement because an order approving the settlement is dispositive); *White v. Sabatino*, No. O4–00500 ACK.LEK, 2007 WL 2750604, at *2 (D. Haw. Sept.17, 2007) (holding that the "compelling reasons" standard applied to a motion to seal documents related to a motion to set aside a minor's settlement). "Under the 'compelling reasons' standard, a district court must weigh 'relevant factors,' base its decision 'on a compelling reason,' and 'articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Pintos*, 605 F.3d at 679 (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

In general, a "compelling reason" is sufficient to outweigh the public's interest in

ORDER GRANTING IN PART AND
DENYING IN PART THE PARTIES'
MOTIONS TO FILE UNDER SEAL - 3

disclosure and to justify sealing a court record when the court files might become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179 (citing *Nixon,* 435 U.S. at 598); *see also Pintos*, 605 F.3d at 679 n.6. ("relevant factors" the court must weight include "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets."). That the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1135).

In their motions to seal, the parties advance several arguments (without reference to the compelling reasons or good cause standards) in favor of maintaining the filed documents under seal: 1) a confidentiality clause contained in the settlement agreement precludes public disclosure of all terms of settlement; 2) the parties have formed a joint strategy in dealing with potential litigation from a third party and, accordingly, a joint defense privilege applies; and 3) to protect certain financial accounting information. Dkt. 39; 47. The Court addresses each of these in turn.

### 1. Confidentiality Clause

The parties agree the Court should seal the materials filed in connection with defendant's Motion to Enforce Settlement Agreement because the proposed settlement agreement contains a confidentiality clause incorporated with the intent of avoiding disclosure in the context of legal threats from a third party ("GE") in India. Dkts. 39, 47. While Courts of the Ninth Circuit have accepted private confidentiality agreements as "good cause" justification for sealing non-dispositive motions and ancillary documents; *see, e.g., Skokomish Indian Tribe v. Goldmark*, No.

C13-5071JLR, 2013 WL 6086075, at *2 (W.D. Wash. Nov. 19, 2013); *Pike v. Hester*, No. 3:12–CV–00283–RCJ, 2013 WL 3491222, at *7 (D. Nev. July 9, 2013); *Boucher v. First Am. Title Ins. Co.*, No. C10–0199RAJ, 2011 WL 5299497, at *5 (W.D. Wash. Nov. 4, 2011); *Mesa Bank v. Cincinnati Ins. Co.*, No. 09–12–PHX–GMS, 2009 WL 247908, at *2 (D. Ariz. Feb. 3, 2009), the mere fact that the parties' proposed settlement agreement may contain a confidentiality provision, without more, does not constitute a *compelling* reason to seal the information. *See Foltz,* 331 F.3d at 1137-38; *see also Select Portfolio Servicing v. Valentino*, No. C 12–0334 SI, 2013 WL 1800039, at *3 (N.D.Cal. Apr.29, 2013) ("That [the parties] agreed among themselves to keep the settlement details private, without more, is no reason to shield the information from ... the public at large."). The Court thus finds this basis insufficient to justify sealing alone.

### 2. Joint Defense Privilege/Common Interest Doctrine

The parties next contend they "jointly face threats of litigation from [GE] based on facts and circumstances associated with this case," and that disclosure of the material under seal would "cause information associated with communications between the parties that have been made in pursuit of a joint strategy, including the settlement agreement, available to the public, including the real threat from GE." Dkts. 39 at 4, 47 at 2. In short, the parties contend a joint defense privilege applies. *Id.*

Courts generally accept attorney-client privilege and the work-product doctrine as a "compelling reason" justifying a motion to seal. *See Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 125 (2d Cir. 2006) (stating "attorney-client privilege might well be such a compelling reason" to preserve seal); *Creative Tent Int'l Inc. v. Kramer*, 2015 WL 4638320, at *3 (D. Ariz. Aug. 4, 2015) ("[T]he presence of privileged attorney-client communications is a compelling reason to seal the subject judicial record."); *Guidiville Rancheria of Cal. v. United States*, 2013

WL 6571945, at *9 (N. D. Cal. Dec. 13, 2013) ( [T]he attorney-client privilege . . . establishes compelling reasons for sealing."); *Travelers Prop. Cas. Co. of Am. v. Centex Homes,* No. 11–3638–SC, 2013 WL 707918, at *2 (N.D. Cal. Feb. 26, 2013) (accepting attorney client privilege as a compelling reason to allow a party to refile redacted version of document attached to motion for summary judgment); *TriQuint Semiconductor, Inc. v. Avago Technologies Ltd.,* No. CV 09–1531–PH X–JAT, 2011 WL 6182346, at * 5 (D. Ariz. Dec. 13, 2011) (accepting attorney-client privilege as a compelling reason justifying seal).

The Ninth Circuit has also long recognized that the joint defense privilege is an extension of the attorney-client privilege. *United States v. Gonzalez*, 669 F.3d 974, 978 (9th Cir. 2012) (citations omitted); *cf. In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012) ("Rather than a separate privilege, the 'common interest' or 'joint defense' rule is an exception to ordinary waiver rules designed to allow attorneys for different clients pursuing a common legal strategy to communicate with each other.). "Because the privilege sometimes may apply outside the context of actual litigation, what the parties call a 'joint defense' privilege is more aptly termed the 'common interest' rule." *In re Grand Jury Subpoena*, 274 F.3d 563, 572 (1st Cir. 2001). The common interest or joint defense privilege applies where "(1) the communication was made by separate parties in the course of a matter of common interest or joint defense; (2) the communication was designed to further that effort; and (3) the privilege has not been waived." *Avocent Redmond Corp. v. Rose Elecs., Inc.*, 516 F. Supp. 2d 1199, 1203 (W.D. Wash. 2007) (citing *In re Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 805 F.2d 120, 126 (3d Cir. 1986)).

The Court is satisfied a joint defense agreement exists and that the joint defense privilege applies in this matter. *See* SEALED Dkts. 29, 30, 32; *see also* Dkts. 18 at 4, 24, 39, 47. And though the Ninth Circuit has not expressly ruled on the matter, the Court finds that, by extension,

an applicable joint defense privilege may also operate as a "compelling reason" justifying a motion to seal in this case.

### 3. Financial Accounting Information

Local Civil Rule 5.2(a) protects certain financial accounting information. LCR 5.2(a). That information has been properly redacted in exhibits attached to the Declaration of Nagabushana Reddy. *See* Dkt. 44.

Based on the Court's reasoning above, the parties' motions to seal, Dkts. 26, 31, 34, 39, and 47, are **GRANTED in part and DENIED in part** consistent with the Court's order below.

## CONCLUSION

Having reviewed the parties' motions to seal, the submissions filed under seal, and the submissions filed with redactions, the Court concludes that material relating to the parties' joint defense and any financial accounting information is entitled to be withheld from public disclosure on the Court's docket. The parties' motions to seal, Dkts. 26, 31, 34, 39, and 47, are therefore **GRANTED in part and DENIED in part**. To the extent the parties have provided properly redacted submissions, those shall be made available on the public docket. The concomitant unredacted submissions filed under seal **SHALL REMAIN SEALED**. To that end, the Court **ORDERS**:

a) The Court **STRIKES** the entry at Dkt. 28 as an incomplete duplicate of Dkt. 30.

b) Dkt. 29 shall remain under seal; the Clerk of Court shall **UNSEAL** Dkt. 43 pursuant to this Order, the Court's Order at Dkt. 38, and LCR 5(g).

c) Dkt. 30 shall remain under seal; the Clerk of Court shall **UNSEAL** Dkt. 42 pursuant to this Order, the Court's Order at Dkt. 38, and LCR 5(g).

|   |   |   |
|---|---|---|
| 1 | d) | Dkt. 32 and the associated declarations and exhibits (Dkts. 32-1, 32-2) shall remain under seal. |
| 3 | e) | Dkt. 35 shall remain under seal; the Clerk of Court shall **UNSEAL** Dkt. 45 pursuant to this Order, the Court's Order at Dkt. 38, and LCR 5(g). |
| 5 | f) | Dkt. 36 shall remain under seal; the Clerk of Court shall **UNSEAL** Dkt. 44 pursuant to this Order, the Court's Order at Dkt. 38, and LCR 5(g). |
| 7 | g) | Dkt. 37 shall remain under seal; the Clerk of Court shall **UNSEAL** Dkt. 46 pursuant to this Order, the Court's Order at Dkt. 38, and LCR 5(g). |
| 9 | h) | The Clerk of Court shall terminate the motions at Dkts. 26, 31, 34, 39, and 47. |
| 10 | i) | The Court shall address defendant's Motion to Enforce Settlement Agreement by separate order. |

The Clerk of the Court shall provide a copy of this order to counsel of record.

DATED this 18th day of August, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge